NEW JERSEY SUPREME COURT, ESSEX CIRCUIT.

VANHORN

*v.*

HOEGEL et al.

**Taxes—Sales for Property for Non-payment—Possession—Right to Rents—Certificate of Sale Must be to the Purchaser Himself, not to All Non-existing Corporation or Trade Name.**

GUMMERE, CHIEF-JUSTICE (after argument).

This suit is brought by a man named VanHorn to collect from the defendants rents which the latter have received from the tenants in occupation of certain premises in East Orange, as I understand it, and the basis of the plaintiff's claim is that some year or more ago this property was sold by the taxing authorities of East Orange for non-payment of taxes; that the plaintiff attended the tax sale, and that the property was struck off and sold to him by the collector, and a certificate of sale, showing his purchase and his rights as a purchaser, delivered to him, and that this certificate, as I judge, was duly recorded, in compliance with the statute. (I have not looked through the complaint.)  The plaintiff claims that, although he was never in possession personally, and although the rents were never demanded by him from the tenants, yet, because of his right to possession as the purchaser at the tax sale, he was entitled to these rents, which were collected by the agents of the owners, subject to his rights as the purchaser at the tax sale; in other words that, as such purchaser, he was entitled to those rents and may recover them from the record owners or their successors in title.

In view of the conflict of authority alleged to be exhibited by the decisions of the supreme court, to which counsel have referred this morning, I should hesitate to decide, without

Essex Circuit—VanHorn v. Hoegel.

an examination of those decisions, either for or against the proposition that, in order to entitle the purchaser at the tax sale to the rents of the property which had been sold, he was required to take possession himself, and then rent the property, or at least to have the tenants in occupation attorn to him as the landlord. Of course, he has a right to the rents, under the statute, if he takes possession in the way I have mentioned.

But it is not necessary to decide that legal question, as I think, for this reason. The plaintiff is only entitled to these rents (assuming his construction of the statute, to which I have referred, to be sound) when it appears that he was the purchaser at the tax sale—that is, that the collector had sold the property to him, and delivered to him, as the purchaser, a certificate exhibiting that fact. The certificate, which he has produced and annexed to his complaint as evidence of his right to these rents, conclusively shows that he is not entitled to them; for this certificate, made by the collector, was not to the present plaintiff, Mr. J. Chauncey VanHorn, as purchaser, but to either a corporation or a non-existing entity, known as the New Jersey Investment Company. Whether that is a corporation, and whether the property was sold to that corporation or not, does not appear, except that the plaintiff says, "there is not any such person, but I was carrying on business under that trade name, and the certificate was really meant for me." That may or may not be so; but whether it is so or not is quite immaterial, in view of the statutory requirement that the certificate must be made out to the purchaser himself—that is, to the person or corporate entity to whom it has been struck off—and not to a non-existing company or a mere trade name.

Because of the fact that the certificate exhibits no right of any kind in this plaintiff under that tax sale, I think this complaint should be stricken out.